IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
DIV.
2012 MAY -3 PM 1:59
CLERK
SO DIST. OF GA

REV. JULIUS S. BAKER, SR., : CIVIL ACTION NO.: CV512-022

      Plaintiff,

v.

BISHOP WILLIAM P. DEVEAUX,
6th Episcopal District, Georgia, in
his individual and official capacities,
and BISHOP FRANK C. CUMMINGS,
6th Episcopal District, Georgia, in his
individual and official capacities,

      Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff Reverend Julius S. Baker, Sr. ("Plaintiff") filed an action against two Defendants seeking a preliminary injunction and a temporary restraining order as a result of alleged violations of Plaintiff's constitutional rights by Defendants. Plaintiff also filed an Application to Proceed in forma pauperis. A plaintiff seeking to proceed in forma pauperis must comply with the mandates of 28 U.S.C. § 1915, which states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of

AO 72A
(Rev. 8/82)

Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490.

Plaintiff alleges that during the Georgia Annual Conference session at St. Phillip A.M.E. Church in Savannah, Georgia, Defendants "used discriminory [sic], deceptive and fraudulently practices against the Plaintiff and the Defendants highly violated his civil, constitutional human and substantial rights, including denied him freedom of religion worship and Plaintiff as an A.M.E. minister's free speech rights violated by the Defendants presiding Bishops during Georgia Annual Conferences." (Doc. No. 1, pp. 3–4). Plaintiff also alleges that Defendants denied him his rights guaranteed under the "Minister's Bill Rights, set forth in the doctrine and discipline of the A.M.E. Church." (Doc. No. 1, p. 4). Plaintiff further alleges that Defendants "used and induced bogus fake paperwork and false documents on the members of the conference to located indifinitely [sic], absent of due process and without probable: Defendant Bishop Deveaux committed fraud on the members of the Georgia Annual Conference and 6th Episcopal regarding the said A.M.E. Church members to carry out an illegal order that located indinitedly [sic] the Plaintiff without due process (a trial by jury) or any evidentiary hearing, which contrary to the rules of law and laws and contitution [sic] of the United States of America, 14th Amendment of the due process and equal protection clauses[.]" (Doc. No. 1, pp. 4–5).

Plaintiff has alleged violations of his First Amendment rights of freedom of religion and freedom of speech. He has also alleged violations of his Fourteenth Amendment rights to due process and equal protection.

2

AO 72A
(Rev. 8/82)

"[T]he Constitution only protects against injuries caused by state actors. . . . [Plaintiffs have not] alleged any form of state action by defendants in this case. Absent such a showing, [plaintiffs'] proposed constitutional claim would be subject to dismissal as a matter of law." Abner v. Mobile Infirmary Hosp., 149 F. App'x 857, 859 (11th Cir. 2005) (citing Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982)). See also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not.") (citations omitted); United States v. Morrison, 529 U.S. 598 620–21 (2000) ("[T]he language and purpose of the Fourteenth Amendment place certain limitations on the manner in which Congress may attack discriminatory conduct. . . . Foremost among these limitations is the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action. '[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.' Shelley v. Kraemer, [334 U.S. 1, 13, and n.12 (1948)].") (second alteration in original); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 422 U.S. 366, 384 (1979) ("The rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the State, not by private parties."); Hudgens v. Nat'l Labor Relations Bd., 424 U.S. 507, 513 (1976) (holding that the First Amendment applies only to state actors).

AO 72A
(Rev. 8/82)

Plaintiff fails to make any allegations that Defendants were state actors during the Georgia Annual Conference session at St. Phillip A.M.E. Church in Savannah, Georgia. From the face of Plaintiff's Complaint, he alleges harm caused by wholly private actors. As a result, Plaintiff has failed to state a claim for any constitutional violations.

Plaintiff's allegations of fraud and denial of his rights guaranteed under the "Minister's Bill Rights, set forth in the doctrine and discipline of the A.M.E. Church" are not cognizable in this Court because the Court does not have jurisdiction over these claims. See 28 U.S.C. §§ 1331 and 1332.

## CONCLUSION

Plaintiff's Application to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **dismissed** for failure to state a claim upon which relief may be granted by this Court and for lack of subject matter jurisdiction.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 3rd day of May, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)