# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | | |
|---|---|---|
| REV. JULIUS S. BAKER, SR., | : | |
| Plaintiff, | : | CIVIL ACTION NO.: CV512-022 |
| | : | |
| v. | : | |
| | : | |
| BISHOP WILLIAM P. DEVEAUX, | : | |
| 6th Episcopal District, Georgia, in | : | |
| his individual and official capacities, | : | |
| and BISHOP FRANK C. CUMMINGS, | : | |
| 6th Episcopal District, Georgia, in his | : | |
| individual and official capacities, | : | |
| | : | |
| Defendants. | : | |

## O R D E R

Plaintiff Reverend Julius S. Baker, Sr. ("Plaintiff") filed an action against two Defendants seeking a preliminary injunction and a temporary restraining order as a result of alleged violations of Plaintiff's constitutional rights by Defendants.  Plaintiff also filed an Application to Proceed in forma pauperis.  The Magistrate Judge denied Plaintiff's Application and recommended dismissal of Plaintiff's Complaint.  Plaintiff filed Objections to the Magistrate Judge's recommendation of dismissal.[1]  In his Objections, Plaintiff argues that his claims sufficiently show that his constitutional rights have been

---

[1] Plaintiff also objects to an Order written by the undersigned in Baker v. Deveaux, CV511-050.  Because this case is not the proper forum to file objections pertaining to a different case, the Court will not address Plaintiff's Objections to that Order.

AO 72A
(Rev. 8/82)

violated. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

Plaintiff has sued Bishop William P. Deveaux and Bishop Frank C. Cummings. As discussed in Abner v. Mobile Infirmary Hospital, and in the Magistrate Judge's Report, "the Constitution only protects against injuries caused by state actors." Abner v. Mobile Infirmary Hosp., 149 F. App'x 857, 859 (11th Cir. 2005) (citing Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982)). Absent a showing of state action, a "constitutional claim would be subject to dismissal as a matter of law." Id.; see also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not.") (citations omitted); United States v. Morrison, 529 U.S. 598 620–21 (2000) ("[T]he language and purpose of the Fourteenth Amendment place certain limitations on the manner in which Congress may attack discriminatory conduct. . . . Foremost among these limitations is the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action. '[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.' Shelley v. Kraemer, [334 U.S. 1, 13, and n.12 (1948)].") (second alteration in original); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 422 U.S. 366, 384 (1979) ("The rights secured by the Equal Protection and Due Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the State, not

AO 72A
(Rev. 8/82)

by private parties."); <u>Hudgens v. Nat'l Labor Relations 3d.</u>, 424 U.S. 507, 513 (1976) (holding that the First Amendment applies only to state actors).

Plaintiff does not allege, in his Complaint or in his Objections, that Defendants were state actors at the time of their alleged actions which form the basis of his Complaint. As a result, from the face of Plaintiff's Complaint, he alleges harm caused by wholly private actors. Plaintiff has failed to state a claim for any constitutional violation.

Plaintiff's allegations of fraud and denial of his rights guaranteed under the "Minister's Bill Rights, set forth in the doctrine and discipline of the A.M.E. Church" are not cognizable in this Court because the Court does not have jurisdiction over these claims. <u>See</u> 28 U.S.C. §§ 1331 and 1332.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**. The Clerk is authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this _____ day of _____, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)